IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL RAY BROWN                                                                                    PLAINTIFF

v.                          Civil No. 3:21-cv-03032-TLB-MEF

SHERIFF TIM ROBERSON;
JAIL ADMINISTRATOR JASON DAY;
CORPORAL NICHOLS;
SERGEANT WADE WILLIS;
NURSE JODI WOODS; and
JAILER BOB KIRCHER                                                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff, Daniel Ray Brown ("Brown"), pursuant to 42 U.S.C. § 1983. Brown proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Brown's failure to obey an Order of the Court and a Motion to Dismiss (ECF No. 63) filed by Defendant.

When he filed this case, Brown was incarcerated in the Boone County Detention Center ("BCDC"). He was specifically advised (ECF No. 3) that he was required to immediately inform the Court of any change of address. If Brown was transferred or released, he was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On November 9, 2021, mail was returned to the Court as undeliverable (ECF No. 59) with a notation that Brown was no longer at the BCDC. Brown had 30 days, or until December 9, 2021,[1] to provide the Court with his new address. On December 6, 2021, mail was again returned to the Court as undeliverable (ECF No. 62). The last day the Court knows Brown was in the BCDC was on October 20, 2021—two months ago—when his Motion to Compel was mailed (ECF No. 54 at 11) to the Court.

On December 14, 2021, Defendant Nurse Jodi Woods filed a Motion to Dismiss (ECF No. 63) for lack of prosecution. Nurse Woods notes that Brown has failed to keep the Court and counsel informed of his current address.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

For these reasons, it is recommended that Defendant's Motion to Dismiss (ECF No. 63) be **GRANTED** and this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas for failure to obey an Order of the Court and failure to prosecute.

---

[1] The Court has no way of knowing the actual date of Brown's release. For this reason, the 30 days is calculated from the date returned mail is received by the Court.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of December 2021.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE